Commonwealth *v.* Starr, Appellant.

486

Argued September 26, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Richard E. Davis*, Assistant Public Defender, for appellant.

*Joseph M. Stanichak*, Assistant District Attorney, with him *Joseph S. Walko*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 16, 1973:

In June, 1972 Gary Lee Starr was convicted of the first degree murder of his wife by a three-judge panel in Beaver County following his plea of guilty to murder generally. He was sentenced to life imprisonment. Shortly thereafter Starr's counsel, although having filed no post-trial motions in arrest of judgment or for a new trial, placed before the court a "Petition to Withdraw Guilty Plea" on the ground that appellant's plea was "not a voluntary or intelligent plea." The trial court denied that petition without a hearing and appellant then prosecuted this direct appeal.[1]

In this Court appellant makes the following contentions: (1) his plea of guilty was not knowing and intelligent; (2) the trial court erred in not permitting plea withdrawal because sentence had already been imposed; (3) the trial court erred in its application of Pennsylvania Rule of Criminal Procedure 319A; (4) the trial court erred in failing to give proper weight to the testimony of a psychiatrist; and (5) there was insufficient evidence to convict appellant of first degree murder.

(a) Appellant's Plea of Guilty and His Attempt
To Withdraw It

The trial court denied Starr's petition to withdraw his guilty plea *after* sentencing for the sole reason that at such a time "the Court has no authority to consider such a petition," citing Pennsylvania Rule of Criminal

---

[1] This Court has jurisdiction under the Act of March 31, 1860, P. L. 427, §57, 19 P.S. §1182 and under the Appellate Court Jurisdiction Act of 1970, July 31, 1970, P. L. 673, art. II, §202(1), 17 P.S. §211.202(1) (Supp. 1972-73).

The instant appeal purports to be both from the order of court denying plea withdrawal after sentencing and from the judgment of sentence.

Procedure 320.[2]  Although neither appellant nor the Commonwealth discuss the question of power vel non in the trial court to consider a *post*-sentencing attempt to withdraw a plea, many past decisions of this Court have assumed the existence of that power.  See, e.g., *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A. 2d 526 (1971) (post-sentencing attempt to withdraw guilty plea on basis of non-performance by prosecutor of plea bargain); *Commonwealth v. Scoleri*, 415 Pa. 218, 247-48, 202 A. 2d 521 (1964) (same, on the basis of contradictory evidence and a factual situation said by the Court to be "sui generis").  Cf. *Commonwealth v. Kontos*, 442 Pa. 357, 275 A. 2d 89 (1971) (attempt to withdraw a guilty plea via the Post Conviction Hearing Act); *Commonwealth v. Ward*, 442 Pa. 351, 275 A. 2d 92 (1971); *Commonwealth v. Dillinger*, 440 Pa. 336, 269 A. 2d 505 (1970) (attempt to withdraw plea made in a *nunc pro tunc* post-trial motion made post-sentencing).[3]  While we do not fault the lower court's reasonable reading of the language of Rule 320, we hold, consistent with our case law cited *supra*, that a court of common pleas is in fact empowered to consider such a motion after sentencing.

It is well recognized that a pre-sentencing plea withdrawal motion and a post-sentencing plea withdrawal

---

[2] Pa. R. Crim. P. 320 (emphasis added) reads: "At any time *before sentence*, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." This Rule superseded the Act of April 15, 1907, P. L. 62, §1, as amended, 19 P.S. §241, which employed similar language: "[T]he defendant may withdraw his plea of guilty, *at any time before sentence*, by leave of the court." (Emphasis added.)

[3] We note that the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1 (Plea Withdrawal), at 9 (Approved Draft, 1968), recommends that the trial court be empowered to consider post-sentencing plea withdrawal motions: "A motion for withdrawal . . . is not necessarily barred because made subsequent to judgment or sentence."

motion present entirely different problems. As a general rule, the guilty plea itself is "the defendant's consent that judgment of conviction may be entered without a trial." *Brady v. United States,* 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756 (1970). Nothing remains to be done following acceptance of a valid plea save to impose sentence. Consequently, a motion to withdraw a guilty plea made before sentencing normally precedes any indication by the court of what penalty will be exacted. There is therefore little risk that the defendant will enter a guilty plea and then withdraw it before sentencing as a means of testing the court's attitude towards sentencing. Similarly, there is less risk that the prosecution will be substantially prejudiced by the withdrawal, before sentencing, of a constitutionally valid guilty plea.[4]

It is otherwise with a *post*-sentencing petition to withdraw a guilty plea. Such a procedure obviously would be useful as a sentence testing device, and, if permitted with any degree of liberality, would invite abuse.

The Federal Rules of Criminal Procedure, Rule 32 (d), draw a clear distinction between the two motions: "A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; *but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.*" This distinction is also emphasized in the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1, at 9-10 (Approved Draft, 1968), which would per-

---

[4] Constitutionally invalid pleas must, of course, be withdrawn. The discussion in the text is limited to a constitutionally valid plea which the defendant seeks to withdraw for non-constitutional reasons.

mit plea withdrawal *before* sentencing for "any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon defendant's plea",[5] but would mandate withdrawal only where "necessary to correct a manifest injustice" when the attempt is made after sentencing.[6] See also *Commonwealth v. Culbreath*, 439 Pa. 21, 31, 264 A. 2d 643 (1970) (ROBERTS, J., dissenting: "This practical difference between the two situations [pre- and post-sentencing plea withdrawal] certainly indicates that a more liberal view should be taken toward pre-sentence plea withdrawal").

Where, as here, the withdrawal of the plea is sought only after sentence has been imposed, a showing of prejudice on the order of manifest injustice is required

---

5. In *Commonwealth v. Forbes*, 450 Pa. 185, 299 A. 2d 268 (1973), we adopted the ABA standard ("any fair and just reason") for pre-sentencing plea withdrawal motions.

[6] Under the ABA Project's definition, withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed;

(4) he did not receive the charge or sentencing concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement; or

(5) he did not receive the charge or sentence concessions contemplated by the plea agreement concurred in by the court, and he did not affirm his plea after being advised that the court no longer concurred and being called upon to either affirm or withdraw his plea.

ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1(a)(ii) (Approved Draft, 1968). See *Commonwealth v. Scoleri*, 415 Pa. 218, 247, 202 A. 2d 521 (1964), where we set forth seven reasons which would justify plea withdrawal."

before withdrawal is properly justified. The determination of the existence or nonexistence of manifest injustice lies, we believe, with the trial court in the first instance. It was that court which initially accepted the plea and that court which heard witnesses at the degree of guilt hearing (including in this case the defendant's own account of the killing). Without intimation as to whether this Court would regard appellant's proffered justifications sufficient to meet the higher standard for plea withdrawal *after* sentencing, we will remand this case to the trial court to permit that court to exercise power which it erroneously thought it lacked.

### (b) Appellant's Other Contentions Alleging Trial Error Below

We note that three of appellant's contentions in this Court (points (3), (4) and (5), supra, p. 2) are not directly related to appellant's attempt to withdraw his plea; they allege errors at the degree of guilt hearing. No post-trial motions were made below raising these questions for consideration by the trial court in the first instance. In *Commonwealth v. Robinson*, 442 Pa. 512, 515 n.2, 276 A. 2d 537 (1971), we made the following observation: "We find that there has been some confusion both in the mandates of this Court and the practice in the various trial courts as to whether appeals from convictions of murder in the first degree which followed from a plea of guilty to murder generally should be taken directly from the judgment of sentence to this Court, or should be preceded by post-trial motions filed and disposed of in the trial court, with the appeal then being from the denial of such motions. . . . We have concluded that the preferable practice, since it may narrow the issues on appeal or perhaps obviate

an appeal entirely, is to file post-trial motions in any first degree case where error is asserted, whether the conviction follows a full trial or only a degree of guilt hearing held after a plea of guilty." Because this case must be remanded in any event to enable the trial court to consider appellant's petition to withdraw his plea, we further direct that appellant may file post-trial motions *nunc pro tunc* within 30 days of the date of filing of this opinion.

Remanded for proceedings consistent with this opinion.

Mr. Chief Justice JONES concurs in the result.