374 A.2d 1281
COMMONWEALTH of Pennsylvania
v.
William Jay ECK, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 18, 1977.

Decided July 8, 1977.

Joseph C. Mesics, Public Defender, Wiley P. Parker, Lebanon, for appellant.

Frederick S. Wolfson, Asst. Dist. Atty., David J. Brightbill, Asst. Dist. Atty., Thomas S. Long, Asst. Dist. Atty., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On June 30, 1975, appellant, William Jay Eck, was arrested in connection with the homicide of James Schauer. Appellant was also charged with aggravated and simple assault against Sylvia Wolfe, the decedent's girlfriend, and the kidnapping and rape of Terry White, Mrs. Wolfe's sixteen-year-old daughter.

On September 9, 1975, after four jurors were selected, appellant, through his defense counsel indicated that he wished to plead guilty to the murder of James Schauer

and also wished to plead guilty to the simple assault of Sylvia Wolfe. The rape and kidnapping indictments were nol. prossed. After a degree-of-guilt hearing, appellant was found guilty of murder of the first degree and simple assault. On September 12, 1975, appellant was sentenced to life imprisonment in a state correctional institution.[1] This appeal followed.

Appellant argues that the on-the-record colloquy failed to disclose the elements of any of the degrees of murder or voluntary manslaughter and, therefore, the colloquy did not comply with Pa.R.Crim.P. 319 and this Court's decision in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). We agree and reverse the judgment of sentence and remand the case for a new trial.

In the instant case, the court, during the colloquy, questioned appellant as follows:

"Q. Now do you understand that when you do enter a plea of guilty to murder, I will have to conduct a hearing and after the Commonwealth presents its evidence, at that hearing your attorneys are entitled to cross examine the Commonwealth's witnesses; do you understand that?

"A. Yes.

"Q. And that if I am of the opinion that the case could rise to murder in the first degree, then I may bring in two additional judges who hear the entire case before we decide whether it is murder in the first degree; murder in the second degree; murder in the third degree, or voluntary manslaughter. Do you understand that?

"A. Yes, sir.

"Q. Has that all been explained to you?

"A. Yes."

1. Appellant pled guilty to simple assault, and while that plea was accepted, no sentence was imposed.

The above-quoted portion of the colloquy constitutes the entire discussion concerning the possible crimes appellant could be found guilty of by pleading to "murder generally."

In *Ingram, supra,* at 203–04, 316 A.2d at 80, we stated:

"We have often enunciated the principle that an adequate on the record colloquy under Rule 319(a) must include a demonstration 'that the defendant understands the nature of the charges. . . .' *Commonwealth v. Campbell,* 451 Pa. 465, 467, 304 A.2d 121, 122 (1973); *Commonwealth v. Maddox,* 450 Pa. 406, 408, 300 A.2d 503, 504 (1973); see also *Commonwealth v. Belgrave,* 445 Pa. 311, 317, 285 A.2d 448, 450 (1971). In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. *Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms.* Our decisions in *Commonwealth v. Campbell,* supra, and *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973), both of which dealt with extensive colloquys *on this point, imply* (Emphasis in original) that such examination is mandatory. We now expressly hold that there is such a requirement." (Emphasis added).

In the instant case, the on-the-record colloquy is devoid of any discussion of the elements of the degrees of murder and voluntary manslaughter.

418

![black bar]

Judgment of sentence reversed and case remanded for a new trial.

JONES, former C. J., took no part in the consideration or decision of this case.

POMEROY, J., took no part in the consideration or decision of this case.