417 A.2d 706

**COMMONWEALTH of Pennsylvania**

v.

**Ronald COPPER, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Debbie COPPER, Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Jan. 4, 1980.

Irving L. Bloom, Greensburg, for appellant in No. 1029.

James N. Falcon, Greensburg, for appellant in No. 1030.

Morrison F. Lewis, Jr., Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Ronald Copper entered pleas of guilty to two counts of corrupting a minor, and Debbie Copper entered a plea of guilty to one count of corrupting a minor.[1] Ronald was placed on probation for three years, and Debbie was placed on probation for one year. Thereafter they applied to the trial court to withdraw their guilty pleas, and a hearing was held. When their requests were denied, they appealed. Their appeals were consolidated for purposes of argument.

Ronald Copper had been charged initially with both statutory rape and corrupting a minor by giving alcoholic beverages to a fourteen year old girl. Debbie Copper was charged only with corrupting the child. A trial of both defendants resulted in a hung jury. Thereafter, plea bargains were entered, and pleas of guilty to corrupting a child were entered.

■ After sentence has been imposed, withdrawal of a guilty plea is mandated only where it is necessary to correct a manifest injustice. *Commonwealth v. Bane,* 272 Pa.Super. 160, 162, 414 A.2d 1056, 1057 (1979); *Commonwealth v. Stokes,* 264 Pa.Super. 515, 517-518, 400 A.2d 204, 205 (1979).

■ Debbie Copper showed no necessity for permitting the withdrawal of her guilty plea. She asserted merely that she had been subjectively confused about the nature of the plea. The colloquy, however, was full and complete and disclosed a plea of guilty that was entered knowingly, intelligently and voluntarily. The lower court properly denied her motion to withdraw such a plea.

---

1. 18 Pa.C.S. § 3125.

█ The guilty pleas entered by Ronald Copper, however, suggest a different concern. He entered separate pleas to two counts of corrupting a minor. One count charged that he had supplied alcoholic beverages to the child; the other, intended to be a lesser offense than the charge of statutory rape, alleged that he had engaged in sexual conduct with the child. Appellant contended, in support of his request to withdraw his pleas of guilty, that he had not understood what he was pleading to and had not intended to plead guilty to any sexual contact or attempted sexual contact with the child. The record is clear that these offenses were not fully explained to appellant during the guilty plea colloquy. Significantly, the elements of the crime of corrupting a minor were never outlined for him.

In *Commonwealth v. Ingram*, 455 Pa. 198, 203–04, 316 A.2d 77, 80 (1974), the Supreme Court held that such an explanation was necessary:

"We have often enunciated the principle that an adequate on the record colloquy under Rule 319(a) must include a demonstration 'that the defendant understands the nature of the charges. . . .' *Commonwealth v. Campbell*, 451 Pa. 465, 467, 304 A.2d 121, 122 (1973); *Commonwealth v. Maddox*, 450 Pa. 406, 408, 300 A.2d 503, 504 (1973); see also *Commonwealth v. Belgrave*, 445 Pa. 311, 317, 285 A.2d 448, 450 (1971). In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms. Our decisions in *Commonwealth v. Campbell*, supra and

*Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973), both of which dealt with extensive colloquies *on this point, imply* that such examination is mandatory. We now expressly hold that there is such a requirement." (emphasis in original)

This requirement has been reaffirmed repeatedly by later decisions. See: *Commonwealth v. Sutton,* 474 Pa. 582, 379 A.2d 107 (1977); *Commonwealth v. Eck,* 473 Pa. 414, 374 A.2d 1281 (1977); *Commonwealth v. Ramos,* 468 Pa. 404, 364 A.2d 257 (1976); *Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976).

The failure to outline the nature of the offense to appellant on the record destroyed the knowing and intelligent nature of appellant's guilty pleas. This constituted a manifest injustice which mandated that appellant be permitted to withdraw his pleas of guilty. See: *Commonwealth v. Rosmon,* 477 Pa. 540, 384 A.2d 1221 (1978); *Commonwealth v. Menosky,* 253 Pa.Super. 254, 384 A.2d 1330 (1978). See also: *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973).

The order denying the application of Debbie Copper to withdraw her plea of guilty is affirmed. The order denying the application of Ronald Copper is reversed, and the case is remanded for trial.