455 A.2d 667

**COMMONWEALTH of Pennsylvania**

v.

**Regis SCHULTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 16, 1982.

Filed Dec. 17, 1982.

Reargument Denied Feb. 25, 1983.

Petition for Allowance of Appeal
Granted June 8, 1983.

Andrew J. Achman, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that his guilty plea colloquy was defective in not apprising him of all the elements of robbery. We agree and, accordingly, reverse the judgment of sentence, permit appellant to withdraw his plea, and grant a new trial.

On July 22, 1978, appellant entered an Allegheny County grocery store and handed the cashier a note demanding money. During the ensuing struggle and flight, appellant's gun discharged several times, wounding a bystander in the arm. Appellant was charged with robbery, recklessly endangering another person and three weapons offenses. He pled guilty to robbery and recklessly endangering in exchange for the Commonwealth's dropping the weapons charges. After accepting the pleas, the lower court suspended sentence on recklessly endangering,[1] but sentenced

---

1. Appellant has not challenged his guilty plea to recklessly endangering another person.

appellant to ten-to-twenty years imprisonment for robbery. In a subsequent Post Conviction Hearing Act petition, appellant alleged, *inter alia,* that his counsel had been ineffective in failing to perfect his appeal. The lower court agreed and allowed appellant to file post-verdict motions *nunc pro tunc.* In those motions appellant petitioned to withdraw his guilty plea alleging the colloquy had been defective. The lower court denied relief, prompting this appeal.

Appellant contends that his guilty plea colloquy was defective and thus his plea not understandingly tendered because he was not informed of all the elements of robbery. Before a court may accept a plea of guilty, it must determine in an on-the-record colloquy that the plea is being voluntarily and understandingly tendered. Pa.R.Crim.P. 319(a); *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A.2d 448 (1971). "[F]or an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." *Commonwealth v. Ingram,* 455 Pa. 198, 203–04, 316 A.2d 77, 80 (1974). *Accord, Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976). "The failure to outline the nature of the offense to [a defendant] on the record destroy[s] the knowing and intelligent nature of [his] guilty pleas [and] constitute[s] a manifest injustice which mandate[s] that [the defendant] be permitted to withdraw his pleas of guilty." *Commonwealth v. Copper,* 273 Pa.Superior Ct. 393, 397, 417 A.2d 706, 708 (1980). During the present colloquy, appellant was instructed that

> the government is charging at CC7804611 the crime of robbery. The government is alleging that on or about July 22 of 1978 you entered the A & P store and put store employees in threat of immediate serious bodily harm at the A & P store in the South Hills Village. Do you understand that that is a felony of the first degree and if found guilty you could receive a sentence of up to ten to twenty years on that.

(N.T. April 15, 1980 at 3–4). The crime outlined to appellant in the colloquy was not robbery but rather recklessly endangering another person.[2] "A person is guilty of robbery if, *in the course of committing a theft,* he ... threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii). (Emphasis added). Appellant was never informed that theft or attempted theft is a necessary element of the crime, and, thus, the court could not determine whether appellant knowingly and intelligently entered the plea.[3] Accordingly,

**2.** Contrary to the dissent, we hardly consider informing a defendant that theft is an element of robbery "amounts to a short law school course on the nature of the charges he faces." Dissenting Opinion at 669.

**3.** The Commonwealth cites *Commonwealth v. McDonald,* 285 Pa.Superior Ct. 534, 428 A.2d 174 (1981) for the proposition that a defendant's prior experience with the criminal system can cure a defective colloquy. In *McDonald,* however, this Court specifically declined to address that contention. Moreover, the colloquy requirements of Pa.R. Crim.P. 319(a) and *Commonwealth v. Ingram, supra,* are minimal standards. "Failure to satisfy these minimal requirements will result in reversal." *Commonwealth v. Dilbeck,* 466 Pa. 543, 547, 353 A.2d 824, 827 (1976). *Accord, Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977).

The dissent believes the present case controlled by our Supreme Court's recent decision in *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982). *Shaffer,* however, did not "abolish the requirement laid down in *Ingram* that the elements of a crime *must* be explained on the record to the defendant prior to the acceptance of the guilty plea." *Id.,* 498 Pa. at 353–354, 446 A.2d at 597 (emphasis added). Rather, it held that under its very limited circumstances, when the defendant chose to plead guilty only after the Commonwealth had presented its entire case, he had been adequately apprised of the elements of the crime to satisfy *Ingram. See Commonwealth v. Thompson,* 302 Pa.Superior Ct. 19, 36, 448 A.2d 74, 82 (1982) (SPAETH, J. dissenting). This case lacks the special circumstances of *Shaffer,* and thus we are satisfied that it is controlled by *Ingram* and its progeny. Appellant contends that he is not guilty of and never intended to plead guilty to robbery because no theft was actually committed. Although appellant's belief that a completed theft is an essential element of robbery is erroneous, it does indicate his misunderstanding of the crime he purportedly pled guilty to. By failing to follow the requirements of *Ingram,* the lower court failed to ensure that appellant knew the charges to which he was pleading guilty and thus it cannot be said that the plea was voluntarily and understandingly tendered.

we must reverse the judgment of sentence and permit appellant to withdraw his guilty plea on the robbery charge.

Order reversed and new trial granted.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing,* it is well-established that a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. *Commonwealth v. Shaffer,* 498 Pa. 342, 345, 446 A.2d 591, 593 (1982); *Commonwealth v. Starr,* 450 Pa. 485, 490–91, 301 A.2d 592, 595 (1973). Because I believe that the majority has failed to apply this standard, and because I am not persuaded that manifest injustice can be shown in the instant case, I must dissent.

The majority states that the trial court "allowed appellant to file post-verdict motions *nunc pro tunc.*" at 667. The order of the trial court granting post-conviction relief provided, in pertinent part, however:

> ... [I]t is hereby ORDERED ... that any and all *post sentencing rights* are hereby reinstated as the Court found that *petitioner was abandoned by counsel following sentencing.* (emphasis added).[1]

It seems clear, therefore, that a showing of prejudice on the order of manifest injustice is the proper standard on this appeal.

The majority's reliance on *Commonwealth v. Copper,* 273 Pa.Super. 393, 397, 417 A.2d 706, 708 (1980) is, I believe, misplaced. The facts in *Copper* are clearly distinguishable. There, the defendant had been charged initially with both statutory rape and corrupting a minor by giving alcoholic beverages to a fourteen-year-old girl. Following a trial which resulted in a hung jury, plea bargains were initiated

---

1. Order of Court, Honorable George H. ROSS, dated March 26, 1981, filed March 30, 1981, Commonwealth v. Schultz, Court of Common Pleas, Allegheny County, Criminal Division, No. CC 7804611.

and the defendant entered separate pleas of guilty to two counts of corrupting a minor. One count charged that he had supplied alcoholic beverages to the child; the other alleged that he had engaged in sexual conduct with the child. In support of his request to withdraw his pleas of guilty, the defendant in *Copper* contended that he had not understood the charges to which he was pleading, and had not intended to plead guilty to *any* sexual contact with the child.

In reversing and remanding for a new trial, our court first noted that the offenses were not fully explained to the defendant during the guilty plea colloquy and that the elements of the crime of corrupting a minor were never outlined for him. Based upon the unique facts in *Copper*, we then said:

> The failure to outline the nature of the offense to appellant on the record destroyed the knowing and intelligent nature of appellant's guilty pleas. This constituted a manifest injustice which mandated that appellant be permitted to withdraw his pleas of guilty.

273 Pa.Super. at 397, 417 A.2d at 708.

In my view, *Copper* was not intended to establish, nor will it support, a *per se* rule relating to an on-the-record outline of the nature of an offense. There is no requirement that a defendant be given what amounts to a short law school course on the nature of the charges he faces. *Commonwealth v. Shaffer*, 498 Pa. at 355, 446 A.2d at 598 (Concurring Opinion, McDERMOTT, J.).

In the instant appeal, the majority bases its reversal of the judgment of sentence on the fact that appellant was never informed that attempted theft is a necessary element of the crime of robbery. At the hearing on appellant's Post Conviction Hearing Act petition, appellant himself stated, in response to the Court's question about what he was doing in the grocery store with a pistol, that he had intentions of securing money. Appellant pled guilty to the robbery charge in exchange for the Commonwealth's dropping three weapons charges.

The thrust of appellant's argument at the P.C.H.A. hearing was not to the effect that he did not understand theft to be an element of the crime of robbery, but rather that, since he had fled before obtaining the money which he had entered the store to steal, no theft had occurred. In this case, the theft was not completed only because there was a struggle followed by appellant's flight after he had handed the store's cashier a note demanding money. Robbery is defined as including an act threatening another with immediate serious bodily injury when the act "occurs in an attempt to commit theft or in flight after the attempt." 18 Pa.C.S.A. § 3701(a)(2). The P.C.H.A. hearing judge was perfectly justified, therefore, in refusing to interpret appellant's misconception of the law of robbery as a sufficient basis for a finding that the guilty plea was neither voluntary nor understandingly tendered.

The determination of the existence or non-existence of manifest injustice lies with the trial court in the first instance, *Commonwealth v. Starr*, 450 Pa. at 471, 301 A.2d at 595. Where, as here, the trial court had the benefit of both the record developed at the guilty plea colloquy as well as appellant's own testimony at the P.C.H.A. hearing as to his state of mind and understanding *at time of sentencing*, and where an independent review of that complete record is not persuasive that appellant has met the higher standard for plea withdrawal *after* sentencing, I am unable to conclude that the trial court committed error in denying the *pro se* Petitioning for the Withdrawal of Guilty Pleading [sic].

The alleged injustices advanced by Appellant are that the guilty plea was not understandingly tendered in that (1) the formal elements of the crime of robbery were not fully understood by the appellant, and (2) a robbery had not occurred since the theft was not successful. As to these two contentions, the record disposes of the first and the law disposes of the second. Manifest injustice has not been shown as would necessitate a reversal. Since I would affirm the trial court, I must dissent.