477 A.2d 1328
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Regis SCHULTZ, Appellee.**

Supreme Court of Pennsylvania.

Argued March 9, 1984.

Decided July 13, 1984.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kenneth Benson, Dara A. DeCourcy, Pittsburgh, for appellant.

Andrew J. Achman, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

LARSEN, Justice.

Appellee, Regis Schultz, was arrested and charged with robbery, recklessly endangering another person and three weapons offenses after attempting to hold up a grocery store. Pursuant to a negotiated plea, appellee pled guilty to robbery and recklessly endangering and the Commonwealth nol prossed the weapons charges. A guilty plea colloquy was conducted before the Court of Common Pleas of Allegheny County, following which the court accepted the plea and sentenced appellee to ten to twenty years imprisonment for robbery; the court suspended the sentence for recklessly endangering another person.

Appellee subsequently filed a motion to withdraw his guilty plea, claiming that the guilty plea colloquy did not contain an explanation that theft is an element of robbery,[1]

---

1. 18 Pa.C.S.A. § 3701(a) defines robbery as follows:

   **(a) Offense defined.—**
   (1) A person is guilty of robbery if, in the course of committing a theft, he:
      (i) inflicts serious bodily injury upon another;
      (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

      (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury....

and thus his plea did not constitute a knowing and intelligent waiver of his right to a trial on the merits. After a hearing on appellee's motion to withdraw the guilty plea, the lower court found that it had, in fact, been knowingly and intelligently entered and therefore denied appellee's motion to withdraw the plea. Appellee appealed to the Superior Court which, relying on *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) (herein *Ingram* ), held that "[appellee] was never informed that theft or attempted theft is a necessary element of the crime, and, thus, the court could not determine whether [appellee] knowingly and intelligently entered the plea." *Commonwealth v. Schultz*, 309 Pa.Super. 392, 395, 455 A.2d 667, 668 (1982). The Superior Court therefore reversed the judgment of sentence and granted appellee a new trial. We granted the Commonwealth's petition for allowance of appeal to this Court.

■ It is well established that after sentence has been imposed, a defendant seeking to withdraw his guilty plea must demonstrate that a manifest injustice has occurred justifying withdrawal. *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). In *Commonwealth v. Rosmon*, 477 Pa. 540, 542, 384 A.2d 1221, 1222 (1978), we recognized that a manifest injustice occurs if a guilty plea is entered by a defendant who lacks full knowledge and understanding of the charge against him. Under *Ingram*, a defendant's knowledge and understanding of the charge was tested *solely* by reference to the on-the-record guilty plea colloquy.[2] If the colloquy did not demonstrate that all of the elements of the crime charged had been outlined in understandable terms, and that the defendant had, in fact, understood the charge, the guilty plea was deemed to be invalid. Thus, applying *Ingram*, the Superior Court held

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

2. An on-the-record colloquy is required by Rule 319(a), Pa.R.Crim.P., which precludes acceptance of a guilty plea unless an inquiry appears on the record which establishes that the defendant's plea is "voluntarily and understandingly" entered.

that appellee's guilty plea was rendered invalid by the absence from the guilty plea colloquy of an explanation that theft is an element of robbery.

The *per se* approach of *Ingram*, however, has been abrogated by subsequent decisions of this Court. *Commonwealth v. Shaffer*, 498 Pa. 342, 350, 446 A.2d 591, 595 (1982) (herein *Shaffer*), held that even if the guilty plea colloquy lacks an explanation of the elements of the crime charged, no manifest injustice occurs if the *circumstances surrounding the entry of the plea* indicate that the defendant understood the nature of the charge against him. Although *Shaffer* had been decided prior to the Superior Court's decision in this case, the Superior Court read *Shaffer* as creating only a limited exception to *Ingram's per se* approach; i.e., to be applied only in fact situations similar to that in *Shaffer* (the defendant pled guilty after the Commonwealth had presented its entire case).

The Superior Court's restrictive reading of *Shaffer* is erroneous. *Commonwealth v. Martinez*, 499 Pa. 417, 420, 453 A.2d 940, 942 (1982), makes it clear that the "totality of the circumstances" test adopted in *Shaffer* is to be applied in every case in which a defendant asserts that his guilty plea was entered without knowledge and understanding of the charge against him. Therefore, in addressing appellee's claim that his guilty plea was not entered knowingly and intelligently, a court must review all of the circumstances surrounding the entry of that plea.

The evidence presented by counsel for the Commonwealth at the plea proceeding revealed the following. Armed with a gun, appellee attempted to rob a grocery store. A struggle arose and appellee was subdued by a bystander and arrested at the scene of the robbery. That bystander, and a number of other eyewitnesses, were prepared to testify against appellee at trial. Because of the overwhelming nature of the evidence against him, appellee pled guilty pursuant to the advice of counsel.

■ Appellee's assertion that he did not have knowledge of the charge against him is belied by his own testimony. During the plea proceeding, appellee answered in the affirmative when asked by counsel:

Do you understand the government is charging at CC7804611 the crime of robbery. The government is alleging that on or about July 22 of 1978 you entered the A & P store and put store employees in threat of immediate serious bodily harm at the A & P store in the South Hills Village. Do you understand that that is a felony of the first degree and if found guilty you could receive a sentence of up to ten to twenty years on that.

N.T., April 15, 1980 at 3. Further, at the hearing on the motion to withdraw the guilty plea, appellee testified that he had entered the grocery store with the "intention of securing money." N.T., March 18, 1981 at 7. Appellee also testified that he knew at the time he entered the plea that he was accused of trying to hold up a grocery store. *Id.* at 13. Moreover, the record reveals that appellee had three prior convictions for robbery.

Considering all of the circumstances disclosed by the record, it is apparent that appellee understood the nature of the charge against him and that, therefore, his guilty plea was entered knowingly and intelligently. Thus, no manifest injustice has occurred and the Common Pleas Court did not err in refusing to allow appellee to withdraw his plea.

Accordingly, the order of the Superior Court is reversed and the judgment of sentence is reinstated.

McDERMOTT, J., joins this Opinion and filed a separate concurring opinion.

NIX, C.J., filed a concurring opinion.

ZAPPALA, J., filed a dissenting opinion.

McDERMOTT, Justice, concurring.

I join in the Opinion of the Majority for reasons stated in *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984).

NIX, Chief Justice, concurring.

Once again a majority of this Court is suggesting a need to abrogate the requirements of Pennsylvania Rule of Criminal Procedure Rule 319 [1] and *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), in favor of a "totality of the circumstances" approach to appellate review of plea proceedings. The instant case provides no basis to support a departure from the salutary requirements of the *Ingram* standard. An examination of the record of the guilty plea colloquy reveals that the appellee was adequately informed of the nature of the charges against him. Thus there is no need to resort to extrinsic evidence in order to determine that appellee's plea was knowingly and voluntarily tendered.

The essence of the *Ingram* rule is that a certain quantum of information is required to be provided to the accused to enable him to understand the nature of the charge against him and its relationship to the acts he committed. In the instant case, the record reveals that the Commonwealth informed both the hearing judge and the accused that the following conduct provided the basis of the robbery charge:

> These occurrences took place on the 22nd of January of 1978. They took place at approximately 9:40 p.m. at the A & P store at the South Hills Village. On that date the defendant entered the store and gave the cashier a note demanding money. A struggle then arose. He had a weapon in his hand which discharged several times. The defendant then fled from the store.

This explanation, coupled with the definition of the offense given to the defendant during the plea proceeding, was sufficient to satisfy the requirements of *Ingram.* [2] Having

1. Rule 319(a) provides *inter alia:*

   (a) ... The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record....

2. Appellee affirmatively answered defense counsel's following inquiry during the plea proceeding:

been informed that this conduct was the basis of the charge against him, the appellee tendered a guilty plea and thereby admitted that he had in fact committed the offense. Thus the hearing judge was able to make an informed judgment, on the basis of the plea proceeding, that the plea was knowingly and voluntarily entered, and that the accused intelligently waived his constitutional rights. There is therefore no reason to seek justification for the court's ruling from facts *dehors* the record of the guilty plea proceedings.

I also disagree with the suggestion that *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982), was a departure from *Ingram*. In *Shaffer*, the prosecution had rested after presenting its entire case and the defense had called two witnesses, when the plea of not guilty was withdrawn and the guilty plea entered. The failure of the court in that case to explain the elements of the offense during the colloquy was of no moment since the defendant had heard the entire evidence against him presented in the Commonwealth's case-in-chief. Indeed, the *Shaffer* decision emphasized that we did not intend to abrogate the *Ingram* requirement, but merely sought to relax strict application of the rule in certain limited situations.[3] Specifically, it was noted:

> Do you understand the government is charging at CC7804611 the crime of robbery. The government is alleging that on or about July 22 of 1978 you entered the A & P store and put store employees in threat of immediate serious bodily harm at the A & P store in the South Hills Village. Do you understand that that is a felony of the first degree and if found guilty you could receive a sentence of up to ten to twenty years on that.

Although this explanation does not specifically identify attempted theft as an element of the offense of robbery, the hearing judge could properly determine that the defendant understood this to be an element of the offense from the prosecution's recitation of the factual basis of the charge.

3. Although I agreed with the result in *Commonwealth v. Shaffer, supra*, I did not join in the opinion because, in my judgment, an analysis based upon a showing of "manifest injustice" was misplaced. *Ingram* and Rule 319 go to the question as to whether the plea was knowingly and intelligently entered. Where a plea is not knowingly or intelligently entered, it is immaterial whether the prosecution was

While we do not by today's holding intend to abolish the requirement laid down in *Ingram* that the elements of the crime must be explained on the record to the defendant prior to the acceptance of a guilty plea, it is clear that strict application of *Ingram,* under the facts of this case, would not promote the interests which *Ingram* sought to protect.

*Id.,* 498 Pa. at 353–54, 446 A.2d at 597.

Clearly, *Shaffer* does not lend support to the majority's attempt today to reinstate the totality of the circumstances approach in lieu of a sufficient on-the-record inquiry.

Rule 319(a) and *Ingram* were designed to require the judge accepting the plea to be in a position to determine the propriety of the plea prior to its acceptance. The effect of today's decision is to remove any meaningful basis upon which the court accepting the plea must make the judgment as to whether the plea is entered knowingly and voluntarily. The focus is again shifted to some later date when a challenge is raised and the decision at that time must rely on the vagaries of the totality of the circumstances approach.

*Ingram* and Rule 319(a) attempted to establish a contemporaneous record upon which the subsequent challenge could be examined. The majority today ignores the wisdom of such an approach and in lieu thereof reverts back to the uncertainty of the past. The enduring validity of the purposes *Ingram* and Rule 319 sought to effectuate, the assurance of fairness to the defendant, the facilitation of appellate review and the promotion of finality of guilty pleas, mandate the continued adherence to the minimum requirements of that standard and I disagree with any departure therefrom.

prejudiced. It is a question of the validity of the plea and not whether fairness justifies its withdrawal. Moreover, Shaffer never contended that his plea was entered unknowingly or involuntarily but merely that the guilty plea colloquy was technically defective.

ZAPPALA, Justice, dissenting.

I disagree with the majority's holding today that *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591, abrogated the per se rule in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), in favor of a "totality of the circumstances" review of guilty plea colloquys.

In *Shaffer*, we merely held that because the Appellant, prior to his guilty plea, had the benefit of a full trial in which he viewed the Commonwealth's case in its entirety, much to the prejudice of the Commonwealth, "a blind adherence to [the] per se rule [in *Ingram* ] would not, . . . comport with any notion of remedying a 'manifest injustice' ". *Shaffer*, 498 Pa. at 349, 446 A.2d at 594. We thus refused to allow the plea to be withdrawn.

Nowhere does *Shaffer* indicate the desire of this Court to abrogate the *Ingram* rule across the board. I see a great difference between allowing flexibility where rigidity would not serve the interests of justice or the purpose of the rule, and total abrogation of the *Ingram* holding. The majority's contentions to the contrary notwithstanding, *Ingram* is still the law in this Commonwealth, and its application in the instant case is distinguishable from the exception we carved in *Shaffer*.

In *Shaffer*, we offered reasoning as to why an explanation of the elements need be had on the record and why we would be flexible in this requirement as to Shaffer. We said

"... where the defendant tenders a plea of guilty from a bargaining position which is devoid of finite knowledge of the evidence available against him, concern with an explanation of the elements of the crime is of greater significance than in the case where the defendant, as here, enters the plea after the Commonwealth's case has been presented. Presumably, an explanation of the elements enables the defendant to assess the Commonwealth's ability to prove that which he is admitting in pleading guilty by comparing the elements to the evidence he knows or has reason to believe the Common-

wealth has available. Thus, he determines whether the prosecution has the ability to convict should he instead choose to exercise his right to trial. In the instant case, this decision of whether to go to trial and put the Commonwealth to its proof was no longer before the appellant. Trial was accomplished and presumably the defendant knew there was sufficient evidence to convict of murder of the first degree."

*Shaffer*, 498 Pa. at 352, 446 A.2d at 596. In the instant case Appellee was entitled to make this assessment. Finding that Appellant had not been fully apprised of the elements constituting the charge against him in the guilty plea colloquy, I would apply *Ingram* to this case and allow him to withdraw his plea. I therefore dissent.