**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT FITZGERALD IVEY, | |
| Appellant | No. 7 WDA 2016 |

Appeal from the Judgment of Sentence of August 18, 2015
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000624-2014

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 17, 2016**

Appellant, Vincent Fitzgerald Ivey, appeals from the judgment of sentence entered on August 18, 2015.  On appeal, Appellant challenges the denial of his pre-sentence motion to withdraw his guilty plea.  We affirm.

The trial court briefly set forth the facts and procedural history of this case as follows:

> On October 4, 2014, [Appellant] was charged by [criminal i]nformation with three felony counts of [m]anufacture, [d]elivery, or [p]ossession with [i]ntent to [m]anufacture or [d]eliver, a [c]ontrolled [s]ubstance ([h]eroin) under 35 P.S. § 780-113(a)(30).
>
> On December 8, 2014, [Appellant] pleaded guilty to one count of [p]ossession with [i]ntent to [d]istribute [h]eroin (less than two grams), an ungraded felony.  At the plea colloquy, the [Commonwealth] informed the court that the charge arose out of a controlled buy arranged by the Somerset County Bureau of Investigations which occurred on August 26, 2013, wherein [Appellant] sold seven "baggies" of heroin to a confidential informant for a sum of

*Retired Senior Judge assigned to the Superior Court.

$150.00. [The trial court] asked [Appellant] whether the facts recited by the [Commonwealth] were accurate as recited, and [Appellant] stated[,] "Yes sir." [The trial court] then asked [Appellant] whether he was pleading guilty because he was truly guilty, and again [Appellant] stated[,] "Yes sir." [The trial court] accepted [Appellant's] plea, and upon acceptance, granted the Commonwealth's motion to withdraw the remaining charges. Sentencing was scheduled for February 12, 2015 at 9:30 a.m.

On February 12, 2015, [Appellant] appeared for sentencing and moved for a continuance to give him additional time to examine the information contained in the pre-sentence investigation [report]. The Commonwealth having not objected, [the trial court] granted [Appellant's] continuance request [and], with [Appellant] present, rescheduled sentencing for 9:00 a.m. on March 12, 2015.

On March 12, 2015, [Appellant] failed to appear for his sentencing hearing, prompting [the trial court] to issue a bench warrant for [Appellant's] arrest. On March 16, 2015, [Appellant] appeared before the court for sentencing and orally advised [the trial court] that he wished to withdraw his guilty plea. [The trial court] ordered [Appellant] to file a written petition to withdraw his plea, which [Appellant] filed on March 16, 2015. [The trial court] scheduled a hearing on the petition to withdraw for March 19, 2015.

On March 19, 2015, [the trial court] convened a hearing to address [Appellant's] petition withdraw his guilty plea. During the hearing, [the trial court] informed [Appellant] that [it] would permit him to withdraw his guilty plea, but that all withdrawn charges would be reinstated and [the trial court] would not approve another negotiated plea agreement in the future. [Appellant] then requested another continuance, this time for thirty days, indicating to the court that he needed more time to hire private counsel to advise him concerning his options. [The trial court] granted [Appellant's] request and, in [his] presence, rescheduled the hearing for April 23, 2015. [The trial court] indicated on the record that no further continuances would be granted.

On April 23, 2015, [Appellant], once again, failed to appear for his hearing, prompting [the] issuance of another bench warrant. Furthermore, no private attorney had entered an appearance on behalf of [Appellant]. On April 30, 2015, [Appellant] was brought before the court on a bench warrant. [The trial court] vacated the bench warrant and reinstated [Appellant's] bail at $25,000.00 cash, which [Appellant] was unable to post. On June 23, 2015, [the trial court] issued a [n]otice of [s]entencing, setting [Appellant's] sentencing for July 8, 2015. On July 8, 2015, having been informed that the Commonwealth would oppose [Appellant's] written motion to withdraw his guilty plea, [the trial court] continued the sentencing hearing generally, pending the resolution of the withdrawal issue.

On August 18, 2015, some eight months after [Appellant's] plea of guilty, [the trial court] conducted a hearing on [Appellant's] petition to withdraw his plea. Upon completion of the hearing, [the trial court] denied [Appellant's] petition and immediately proceeded to sentencing. [Appellant] was sentenced to, *inter alia*, twenty-seven months to eight years in a [s]tate [c]orrectional [i]nstitution, with 119 days credit for time served.

On August 19, 2015, [Appellant] filed a post-sentence motion to withdraw his plea. On September 11, 2015, [Appellant's] counsel [] filed a [m]otion to [w]ithdraw as [c]ounsel, which [the trial court] granted. On October 2, 2015, [the trial court] appointed [new counsel] to represent [Appellant]. On December 4, 2015, [the trial court] summarily denied [Appellant's] post-sentence motion.

[Appellant] filed his [n]otice of [a]ppeal on December 23, 2015. On December 29, 2015, [the trial court] ordered [Appellant] to file a [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal, with which [Appellant] complied on January 15, 2016. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 7, 2016.]

Trial Court Opinion, 3/7/2016, at 1-3 (record citations omitted).

On appeal, Appellant presents the following issues for our review:

I.    Whether the [s]entencing [c]ourt committed a reversible error of law and/or an abuse of discretion when it denied [Appellant's] presentence petition to withdraw his guilty plea under the ***Forbes***[1] standard?

II.    Whether pursuant to equitable principles this appeal should be granted due to the narrow and factually specific circumstances in which [Appellant's] petition was filed and partially heard well in advance of the change of the law that was ultimately used to deny his petition?

III.    Whether the [s]entencing [c]ourt committed a reversible error of law and/or an abuse of discretion when it denied [Appellant's] presentence petition to withdraw under the ***Carrasquillo***[2] standard?

Appellant's Brief at 3.

All of Appellant's issues are interrelated, so we will examine them together. First, Appellant argues that he maintained his innocence prior to sentencing and the trial court erred by refusing his request to withdraw his plea. ***Id.*** at 12. Appellant relies primarily on our Supreme Court's decision in ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973) for the proposition that, "[i]f the sentencing court finds any fair and just reason [for] withdrawal of [a] plea before sentencing[, the request] should be freely permitted, unless the prosecution has been substantially prejudiced." ***Id.*** at 13. Appellant avers that in March 2015, while ***Forbes*** was prevailing law, he made two assertions of his innocence and there was no prejudice to the

_____

[1] ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973).

[2] ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015).

Commonwealth. *Id.* at 14. He claims that if he had not requested a continuance, the trial court would have granted his presentence request to withdraw under *Forbes*. *Id.* Next, Appellant claims the trial court erred by relying on *Carrasquillo*, a case decided by our Supreme Court on June 15, 2015, because:

> his [presentence] petition [to withdraw his guilty plea] was filed well in advance of the *Carrasquillo* decision, and a partial hearing was held two days later and then continued. Then at the subsequent August 18, 2015 hearing, two months after *Carrasquillo* was decided, his petition was explicitly denied based on that case.
>
> [… H]olding [Appellant] to a standard that emerged after the filing of his petition and first hearing (the time in which research into the applicable law is generally conducted) would violate principles of fairness and equity.

*Id.* at 15-16. Finally, in the alternative, Appellant maintains "his assertions of innocence met the standard set forth in *Carrasquillo*[.]" *Id.* at 16. More specifically, Appellant argues he gave a plausible innocence claim when he: (1) "asserted that the **only** reason he entered the guilty plea in the first place […] was to have the other two charges dropped and avoid the risk of going to trial and facing incarceration, as he was under the impression that if he pled guilty he would not be incarcerated[;]" and (2) claimed "he did not possess or sell drugs." *Id.* at 17-18. He avers *Carrasquillo* is distinguishable because Carrasquillo, in asserting his innocence, made bizarre statements about "the CIA kidnapping him and a snake that appeared out of the thin air" and, additionally, "the Commonwealth

- 5 -

presented overwhelming evidence of [Carrasquillo's] guilt at the plea colloquy, including [] inculpatory statements, fingerprints, video and DNA evidence[.]" *Id.* at 23-24. Whereas, in this case, Appellant contends "the Commonwealth [] simply orally stated at the time of the plea that an unidentified [confidential informant] bought less than two grams of drugs from [Appellant] with absolutely no supporting evidence." *Id.*

The standard of review that we employ in challenges to a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea is well-settled:

> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth. In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed. The policy underlying this liberal exercise of discretion is well-established: The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. In *Forbes*, our Supreme Court instructed that, in determining whether to grant a pre[-]sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.

*Commonwealth v. Elia*, 83 A.3d 254, 261–262 (Pa. Super. 2013) (internal quotations and citations omitted).

- 6 -

While **Carrasquillo** was decided after Appellant's request to withdraw his plea, we adhere to the "general rule in Pennsylvania [that applies] the law in effect at the time of the appellate decision." **Commonwealth v. Housman**, 986 A.2d 822, 840 (Pa. 2009). The **Carrasquillo** Court determined:

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

**Carrasquillo**, 115 A.3d at 1291–1292 (footnote omitted). More specifically, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre[-]sentence withdrawal of a plea." **Id.** at 1292. The Supreme Court concluded that "a *per se* approach" to allowing pre-sentence withdrawal of a guilty plea on a mere assertion of innocence "is unsatisfactory." **Id.** The **Carrasquillo** Court noted that in evaluating a pre-sentence request to withdraw a guilty plea, courts could consider the timing of the innocence claim. **Id., citing Forbes**, 299 A.2d at 272 ("Obviously, the appellant, by his assertion of innocence—so early in the proceedings, *i.e.*, one month after the initial tender of a plea —offered a 'fair and just' reason for withdrawal of the plea.") (brackets omitted).

In this case, the trial court "did not believe that [Appellant] had made a colorable demonstration of a fair and just reason for why [it] should permit

- 7 -

his plea to be withdrawn." Trial Court Opinion, 3/7/2016, at 6. The trial court determined that Appellant qualified his claim of innocence when he "admitted that part of his reason for wanting to withdraw his plea was that the recommended sentence in the [p]re-[s]entence [r]eport exceeded what he was expecting[.]" *Id.* Appellant's brief appears to support this sentence-testing motive to the extent it states that Appellant believed he could avoid incarceration if he pled guilty. Appellant's Brief at 17. In sum, the trial court concluded:

> Between [Appellant's] equivocation – which suggested […] that [Appellant] was concerned less with his innocence than with making the strategic decision which benefited him most – and [Appellant] failing to appear for subsequent proceedings, resulting in two arrest warrants, [the trial court was] disinclined to believe his bare assertions of innocence. Quite simply, [the trial court] believed that [Appellant] was doing whatever he could to manipulate the system.

Trial Court Opinion, 3/7/2016, at 7. Furthermore, the trial court also determined that "[s]ince [Appellant] failed to satisfy the standard applicable to pre-sentence plea withdrawals, [Appellant] also failed to satisfy the heightened standard applicable to post-sentence plea withdrawals, when he again sought to withdraw his plea on the same grounds."[3] *Id.*, *citing*

***Commonwealth v. Muntz***, 630 A.2d 51, 53 (Pa. Super. 1993) ("When considering a petition to withdraw a guilty plea submitted to a trial court

---

[3] On appeal, however, Appellant does not challenge the trial court's ruling on his post-sentence motion.

**after sentencing**, however, it is well-established that a showing of prejudice on the order of manifest injustice … is required before the withdrawal is properly justified.") (emphasis in original; quotations and citation omitted).

Upon review of the record, we find no trial court abuse of discretion or error of law in denying Appellant's pre-sentence motion to withdraw his guilty plea. Appellant testified that "before sentencing – when [he] got the [pre-sentence investigation] recommendation, it was nothing like what [Appellant] was led to believe or that [he] believed it was going to be." N.T., 8/18/2015, at 5. He "entered the guilty plea on the advice of [his] attorney and […] was led to believe that [his sentence] wouldn't entail [] jail time." *Id.* at 8. When asked whether the reason for his request to withdraw his plea was because Appellant did not like the sentence recommendation contained in the pre-sentence investigation report, Appellant stated, "That's part of it, ma'am; yes it is." *Id.* at 9. Thus, the trial court reasonably determined that Appellant pled guilty and then claimed his innocence only after he was dissatisfied with the range of sentences he potentially faced. We discern no error.

In further support of our position, our Supreme Court previously determined:

> It is well recognized that a pre-sentencing plea withdrawal motion and a post-sentencing plea withdrawal motion present entirely different problems. As a general rule, the guilty plea itself is 'the defendant's consent that judgment of conviction may be entered without a trial.' **Brady v.**

> ***United States***, 397 U.S. 742, 748 (1970). Nothing remains to be done following acceptance of a valid plea save to impose sentence. Consequently, a motion to withdraw a guilty plea made before sentencing normally precedes any indication by the court of what penalty will be exacted. There is therefore little risk that the defendant will enter a guilty plea and then withdraw it before sentencing as a means of testing the court's attitude towards sentencing. Similarly, there is less risk that the prosecution will be substantially prejudiced by the withdrawal, before sentencing, of a constitutionally valid guilty plea.
>
> It is otherwise with a post-sentencing petition to withdraw a guilty plea. Such a procedure obviously would be useful as a sentence testing device, and, if permitted with any degree of liberality, would invite abuse.

***Commonwealth v. Starr***, 301 A.2d 592, 594, 450 Pa. 485, 488–489 (Pa. 1973) (footnote omitted).

Moreover, we recognize

> post-sentence motions for withdrawal are subject to higher scrutiny since **courts strive to discourage the entry of guilty pleas as sentencing-testing devices**. If the appellant knows the only possible sentence he can get for the crime to which he pled guilty, then any pre-sentence motion to withdraw the plea is akin to a post-sentence motion to withdraw the plea, and the manifest injustice standard will apply to the pre-sentence motion.

***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa. Super. 2014) (emphasis added; internal citations omitted).

While we recognize that the above-mentioned cases dealt with post-sentence motions to withdraw and, thus, follow the more stringent "manifest injustice" standard of review, the reasoning behind ***Starr*** and ***Prendes*** is apropos instantly. Here, Appellant attempted to use his guilty plea as a sentencing-testing device, albeit prior to his actual sentencing. We believe

the trial court properly considered the suspicious timing of Appellant's request to withdraw his guilty plea. **See Carrasquillo**, 115 A.3d at 1292. Appellant did not file his motion to withdraw his guilty plea until after he received sentencing recommendations in his pre-sentence report. After he received those recommendations, Appellant failed to appear for sentencing twice, resulting in the issuance of bench warrants each time. Accordingly, we agree with the trial court that Appellant's claim of innocence rings hollow in light of his stall tactics and obvious discontent with his sentencing recommendations. Hence, Appellant's claims lack merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2016