J-S60019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD J. BRILEY | |
| Appellant | No. 443 MDA 2014 |

Appeal from the Judgment of Sentence entered November 20, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003888-2011

BEFORE:  OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 05, 2014**

Ronald J. Briley appeals from the judgment of sentence entered following his guilty plea to murder of the second degree.  Appellant's court-appointed counsel has filed an **Anders**[1] brief and petitioned to withdraw, contending that this appeal is wholly frivolous.  We affirm the judgment of sentence and grant the petition to withdraw.

On February 4, 1996, Appellant, then 14 years old, and two others robbed Sun's Market, located on South 16th Street in Harrisburg.  After completing the robbery and while fleeing the store, Appellant shot the co-owner, Chong Kwak, in the head.  The resulting injuries rendered Kwak comatose, a state in which he lingered for nearly 16 years.  Appellant was

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

tried as an adult, found guilty of aggravated assault, robbery, criminal conspiracy, and other charges following a non-jury trial, and sentenced to 20 to 41 years in prison. This Court affirmed the judgment of sentence on direct appeal. **Commonwealth v. Briley**, 724 A.2d 952 (Pa. Super. 1998) (unpublished memorandum).

On June 22, 2011, Kwak died. The cause of death was determined to be complications from the gunshot wound, and Appellant was charged with first and second degree murder.[2] On September 4, 2013, Appellant entered an open guilty plea to second degree murder. In exchange for his plea, the Commonwealth withdrew the charge of first degree murder. Because of his age at the time of the shooting, Appellant was not subject to a mandatory sentence of life without parole.[3] Rather, he faced 20 years to life in prison. The trial court later sentenced Appellant to 35 years to life in prison, with credit for time served and concurrent to his prior sentences. Appellant filed a post-sentence motion, asking for modification of sentence and withdrawal of his guilty plea. The trial court denied the motion, and this appeal followed.

_____

[2] 18 Pa.C.S.A. § 2502(a) and (b).

[3] **See Miller v. Alabama**, 132 S. Ct. 2455 (2012) (holding that mandatory life without parole for juvenile murderers is cruel and unusual punishment); 18 Pa.C.S.A. § 1102.1(c)(1) ("A person who at the time of the commission of the offense was under 15 years of age shall be sentenced to a term of imprisonment the minimum of which shall be at least 20 years to life.").

On appeal, counsel has directed the Court's attention to two possibly meritorious issues: (1) a challenge to the discretionary aspects of Appellant's sentence; and (2) a challenge to the trial court's denial of Appellant's post-sentence motion to withdraw his guilty plea.

Before we consider the merits, we must address whether counsel has complied with the requirements to withdraw from representation under *Anders*. *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

To withdraw under *Anders*/*Santiago*, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the *Anders*/*Santiago* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has complied with *Anders* and *Santiago*. Counsel has petitioned for leave to withdraw, filed a brief that refers us to anything that might support the appeal, and informed Appellant of his right to hire a new lawyer or file a *pro se* response.[4]  Furthermore, counsel's brief meets *Santiago*'s substantive requirements listed above.

We now conduct an independent review to determine whether this appeal is indeed frivolous. The first issue identified by counsel is a challenge to the discretionary aspects of Appellant's sentence. Appellant asserts that his sentence is excessive and unreasonable, because the trial court failed to account for his social changes that occurred during his sentence for robbery and aggravated assault, *i.e.*, the trial court failed to take into account mitigating factors.

We review a decision regarding the discretionary aspects of a sentence for an abuse of discretion. *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013).

Assuming, *arguendo*, that a substantial question exists[5] as to the appropriateness of Appellant's sentence, the claim is frivolous. A trial court

---

[4] Appellant has not filed a response.

[5] An appellant is entitled to review of the discretionary aspects of a sentence only if, among other requirements, he raises a substantial question that the sentence is inappropriate under the Sentencing Code.  42 Pa.C.S.A. § 9781(b); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa.
*(Footnote Continued Next Page)*

has discretion to impose a sentence greater than the mandatory minimums required for juvenile murderers. 18 Pa.C.S.A. § 1102.1(e). Here, the trial court had the benefit of a presentence investigation report. It addressed the seriousness of the crime and its impact upon Kwak and his family. *See* Trial Court Opinion, 2/11/14, at 4-5. The trial court noted that Appellant, though an impressionable youth, shot Kwak in the head after he and his conspirators completed the robbery. *Id.* The trial court also found significant Appellant's numerous, serious disciplinary problems during the early years of his incarceration.

The second issue identified by counsel is Appellant's request to withdraw his guilty plea, first made after the trial court imposed sentence. On the record following imposition of sentence and in his written post-sentence motion, Appellant expressed dissatisfaction with the length of his sentence. *See* N.T. Sentencing, 11/20/13, at 15-16; Post-Sentence Motion, 11/25/13, ¶ 18.

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since **courts strive to discourage entry of guilty**

*(Footnote Continued)* ─────────

Super. 2014) (*en banc*). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Buterbaugh*, 91 A.3d at 1266 (quotation omitted). A claim that the trial court failed to take into account mitigating factors does not raise a substantial question. *Disalvo*, 70 A.3d at 903; *Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa. Super. 2006).

> **pleas as sentence-testing devices**. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea.

*Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa. Super. 2010) (internal quotations, citations, and quotation marks omitted) (emphasis added) (quotation omitted); *see also Commonwealth v. Starr*, 301 A.2d 592, 594-95 (Pa. 1973) (requiring proof of manifest injustice for post-sentence withdrawal of guilty plea, because a more liberal standard "obviously would be useful as a sentence testing device, and, if permitted with any degree of liberality, would invite abuse").

We have thoroughly reviewed the record, and agree with counsel that Appellant's challenge is frivolous. At the guilty plea hearing, the trial court, Commonwealth, and Appellant engaged in an extensive colloquy. *See* N.T. Guilty Plea, 9/4/13, at 2-12. In addition to the factual basis for the plea, Appellant was extensively colloquied on the potential sentence he could receive. *See id.* at 6 (informing Appellant that under his open guilty plea, his sentence was "**at least** 20 years to life," and that the **minimum** sentence could be anything from 20 years to life). Moreover, in his post-sentence motion, Appellant did not even attempt to argue that he entered the plea unknowingly, unintelligently, or involuntarily. Rather, the sole basis for the withdrawal request is his dissatisfaction with the sentence imposed. Sentence dissatisfaction is not a valid reason to withdraw a guilty plea post-

sentence where the defendant is aware of the possible sentencing range. ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa. Super. 2002) ("We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.").

Having reviewed the record and applicable law, we find that this appeal is wholly frivolous. Appellant's counsel complied with the requirements to withdraw under ***Anders***/***Santiago***. Accordingly, we affirm the judgment of sentence and grant the petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2014