J-S19022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN HEARD | |
| Appellant | No. 2154 EDA 2014 |

Appeal from the PCRA Order July 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003926-2010

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 07, 2015**

Appellant Justin Heard appeals from the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On May 7, 2012, Appellant pled guilty to third degree murder,[1] aggravated assault,[2] and possession of a firearm prohibited.[3]  The parties agreed to, and the trial court imposed, an aggregate sentence of thirty to sixty years' incarceration, to run concurrent to a sentence imposed at a

---

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 2702(a).

[3] 18 Pa.C.S. § 6106(a)(1).

separate docket for 17 ½ to 35 years' incarceration. N.T., 5/7/2012, at 32, 34. Appellant did not file post-sentence motions or a direct appeal.

On March 31, 2013, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel. On April 29, 2014, counsel filed a no-merit letter pursuant to **Turner**[4] and **Finley**[5] and filed a motion to withdraw as counsel. On May 23, 2014, the PCRA court issued notice of its intent to dismiss the PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On June 9, 2014, Appellant filed a timely response to the notice of intent to dismiss.[6] On July 9, 2014, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition. On July 25, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellant Procedure 1925.

Appellant raises the following issues on appeal:

> 1. Did the trial court err in dismissing Appellant's PCRA petition where it is clear that counsel of record (James A. Lammendola) failed to adequately review Appellant's record and investigate pursuant to the requirements in [**Finley**] and **Commonwealth v. Mosteller**, 633 A.2d 615 ([Pa.Super.]1993)?

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[5] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1987).

[6] Appellant titled his response "Motion to Deny PCRA Counsel's Motion to Withdraw and Petitioner's Response to the Court's Notice Pursuant to Pa.R.Crim.P. 907 Filed May 23, 2014."

2. Did the trial court err in dismissing Appellant's PCRA petition since trial counsel was ineffective for advising/coercing Appellant to plead guilty to the charge of third degree murder when the nature of the charges and the lack of communication with counsel pursuant to [Pa.R.Crim.P.] 590?

3. Did the trial court err in dismissing Appellant's PCRA petition since based upon the totality of the circumstances test, Appellant did not plead guilty to the charge of third degree murder in a knowingly, voluntarily, or intelligent manner?

Appellant's Brief at 7.[7]

Appellant's first issue challenges the effectiveness of PCRA counsel. Because Appellant alleged PCRA counsel ineffectiveness in his response to the PCRA court's notice of intent to dismiss the petition, we will review the PCRA court's determination that counsel complied with *Turner/Finley* and review whether the PCRA court properly granted counsel's petition to withdraw. *See Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.Super.2012) (reviewing PCRA Court's grant of withdrawal and *Turner/Finley* analysis where appellant challenged it in opposition to notice of intent to dismiss).

*Turner/Finley* provides a mechanism for post-conviction counsel to withdraw. *Rykard*, 55 A.3d at 1184. Competent PCRA counsel must conduct an independent review of the record before a PCRA or appellate court can authorize counsel's withdrawal. *Id.* This independent review:

---

[7] Appellant's Brief does not contain page numbers. All page numbers are supplied by this Court.

> [R]equires counsel to file a "no-merit" letter detailing the nature and extent of his review[,] [listing] each issue the petitioner wishes to have examined, [and] explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

*Id.*

Here, PCRA counsel submitted a no-merit letter which states that he "reviewed the quarter sessions filed, attempted to correspond with the petitioner,[8] reviewed all relevant notes of testimony, and reviewed the applicable law." Letter from James A. Lammendola, Esq. to the Honorable Lillian H. Ransom docketed April 29, 2014, at 1 ("No-Merit Letter"). Counsel then provides the case's background, lists the issues the petitioner would like examined, explains why those issues are meritless, and states there are no additional issues of arguable merit. *Id.* at 2-11. In addition, PCRA counsel sent the No-Merit Letter to Appellant, along with a copy of the motion to withdraw, and informed Appellant he had the right to retain private counsel or proceed *pro se* to raise any issues he believed have merit. Letter from James A. Lammendola, Esq. to Justin Heard dated April 24, 2014. Although the PCRA court merely adopted the No-Merit Letter in its

---

[8] Appellant maintains counsel did not consult or communicate with him. Appellant's Brief at 12-13. PCRA counsel does not clarify how he "attempted to correspond" with Appellant. Regardless, PCRA counsel conducted a review of the record and, because the issues Appellant raised could be found in the record, he was not required to communicate with Appellant.

notice of intent to dismiss the PCRA petition, it provided a 1925(a) opinion discussing the issues raised and explaining why they lacked merit.[9] PCRA counsel followed the dictates of **Turner/Finley** in filing his No-Merit Letter and motion to withdraw, and the PCRA court properly dismissed the PCRA petition and granted counsel's motion to withdraw. Appellant's first claim is meritless.

Appellant's second and third issues allege ineffective assistance of trial counsel. The claims lack merit.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238 (Pa.Super.2011) (citing **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa.1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279

---

[9] We note the PCRA court failed to certify that it conducted an independent review of the record to ensure no claims of arguable merit existed. We, however, have conducted such a review, and find there are no issues of arguable merit.

(Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen*, 732 A.2d 582 (Pa.1999)). Whether a plea was voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003) (quoting *Hickman,* 799 A.2d at 141).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting *Commonwealth v. Anderson,* 995 A.2d 1184, 1192 (Pa.Super. 2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* at 1002 (quoting *Commonwealth v. Lewis,* 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Id.* (quoting *Commonwealth v.*

***Bedell****,* 954 A.2d 1209, 1212 (Pa.Super.2008)).  Further, "where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super.2005) (citing ***Commonwealth v. Schultz****,* 477 A.2d 1328 (Pa.1984)).

Appellant's second issue maintains his trial counsel was ineffective because counsel coerced Appellant to plead guilty.  He claims counsel did not provide Appellant with sufficient time to consider the guilty plea.

Based on the totality of the circumstances, Appellant entered a knowing, intelligent, and voluntary guilty plea.  He informed the trial court that no one forced him to plead guilty.  N.T., 5/7/2012, at 9, 13.  He completed the written guilty plea colloquy form, which included an explanation of the proceedings and detailed the rights he waived by pleading guilty.  ***Id.****,* Written Guilty Plea Colloquy.[10]  Further, contrary to Appellant's contention, he had sufficient time to consider the guilty plea.  Appellant spoke with counsel on the morning of the guilty plea and the guilty plea hearing was suspended to permit Appellant additional time to discuss the

---

[10] Appellant is bound by the statements made at the time of the guilty plea. ***See Commonwealth v. Willis***, 68 A.3d 997, 1009 (Pa.Super.2013) (appellant bound by statements made in open court under oath).

plea with his sister and counsel. N.T., 5/7/2012, 9-12. Several hours passed before the guilty plea hearing resumed.[11] *Id.* at 12. Appellant's second claim, therefore, lacks merit.

Appellant's third claim alleges his counsel was ineffective for failing to adequately define the elements of third-degree murder during the guilty plea colloquy. This claim is meritless.

During the guilty plea colloquy, trial counsel stated that the elements of third-degree murder are "a purposeful, knowing killing of another human." N.T., 5/7/2012, at 21. This definition was inaccurate; third-degree murder is defined as a "killing done with malice," which does not require an intent to kill. *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1252, 1263 (Pa.Super.2005). This misstatement, however, did not cause Appellant to enter an unknowing, unintelligent, or involuntary plea. The facts to which he agreed established third-degree murder. N.T., 5/7/2012, at 25-27. Further, the totality of the circumstances establish the plea was knowing, intelligent, and voluntary. Appellant understood that the trial court would be required to sentence him to life imprisonment if the jury convicted him of

---

[11] The court stated it would commence jury selection, take a break for lunch, and, when court reconvened after lunch, it would determine whether Appellant wished to plead guilty. N.T., 5/7/2012, at 11.

first-degree murder or third-degree murder,[12] and the elements as stated included an additional element, intent, that a third-degree murder conviction does not require. N.T., 5/7/2012, at 7. **See Commonwealth v. Morrison**, 878 A.2d 102, 109 (Pa.Super.2005) (plea valid where oral colloquy did not outline the elements of the crimes, but it was apparent appellant was aware of the nature of the offenses because he executed a document admitting that he was advised of the offenses outlined in the information, which detailed the elements of those offenses); **Commonwealth v. Schultz**, 477 A.2d 1328 (Pa.1984) (plea valid even though defendant not told theft was element of robbery and he had not completed the armed robbery where evidence presented at colloquy established armed robbery, he agreed the government alleged he entered the store and put the employees in threat of immediate bodily injury, knew he was accused of trying to hold up the store, and had three prior robbery convictions). This claim is meritless.

Order affirmed and motion for stay and abeyance denied.[13]

---

[12] Because Appellant had a prior third-degree murder conviction, he faced a mandatory sentence of life imprisonment if convicted of third-degree murder. 42 Pa.C.S. § 9715(a).

[13] On March 9, 2015, Appellant filed a motion for stay and abeyance requesting that this Court stay the appellate proceedings to permit him to exhaust a new ineffective assistance of counsel claim, i.e., that counsel was ineffective for failing to investigate whether a pre-sentence investigation should have been conducted to determine if Appellant had any psychiatric history. Motion for Stay and Abeyance at ¶¶ 7, 11. We deny this motion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/7/2015</u>