J-S73019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEVANTAE BENSON | |
| Appellant | No. 213 WDA 2016 |

Appeal from the Judgment of Sentence January 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009546-2015

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 1, 2016**

Devantae Benson appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County.  After careful review, we affirm.

Benson entered a guilty plea to one count each of Possession with Intent to Deliver (Heroin)[1] and Conspiracy.[2]  The court sentenced Benson to one (1) year less one day to two (2) years less two days' incarceration, followed by three years' probation.  After sentencing was pronounced, Benson orally sought to withdraw his plea, stating several times that he was

_____

[1] 35 P.S. § 780-113(a)(3).

[2] 18 Pa.C.S. § 903(c).

"confused" and did not understand what was going on. The trial court denied the motion.

On appeal, Benson claims the court erred in denying his motion to withdraw. He argues that because "the plea was entered when Mr. Benson suffered from confusion from his mental illness" that his plea was not knowing or intelligent and, therefore, this established manifest injustice. We disagree.

There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002). After sentencing, "a showing of prejudice on the order of manifest injustice" is required before withdrawal is properly justified. *Commonwealth v. Shaffer*, 446 A.2d 591, 593 (Pa. 1982), quoting *Commonwealth v. Starr*. 301 A.2d 592, 595 (Pa. 1973). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Gunter*, 771 A.2d 767, 771 (Pa. 2001). In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009). Further, post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. *Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa. Super. 2010).

The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) [] the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Prendes*, 97 A.3d 337, 352–53 (Pa. Super. 2014) (citations omitted).

Thus, in order to establish manifest injustice, Benson must show that his guilty plea was not knowing, intelligent or voluntary. Here, the court conducted a guilty plea colloquy on January 12, 2016. The court asked Benson if he had taken any medications, drugs or alcohol in the last 24 hours that would impair his ability to understand or respond to the court's questions, or if he had any "mental illness, mental infirmity and/or physical infirmity that would impair" his ability to understand or respond to the court's questions. Benson replied, "No, Your Honor." N.T. Guilty Plea and Sentencing, 1/12/16, at 5-6.

Benson acknowledged that he faced a maximum sentence of 15 years imprisonment and/or a fine of $250,000 for each offense. *Id.* at 6-7. Additionally, Benson signed an eleven-page guilty plea colloquy form, initialed each page of the form, stated that he had read each question and

understood each question, and stated that he answered the questions "honestly and truthfully." *Id.* at 7-8.

At the conclusion of the recitation of the facts that the Commonwealth was prepared to prove (undercover officers conducted a controlled buy of $120 worth of heroin), Benson stated that he was entering his guilty plea because he was, in fact, guilty. *Id.* at 10. The court proceeded immediately to sentencing.

The court sentenced Benson to a county sentence of imprisonment of one (1) year less one day to two (2) years less two days. The court specifically noted it was "going below the mitigated range," *id.* at 23, in light of the fact that Benson's counsel informed the court that Benson had several mental health diagnoses (bipolar disorder, depression, anxiety and post-traumatic stress disorder (PTSD)). *Id.* at 15. The court also sentenced below the mitigated range to accommodate Benson's release after incarceration to a mental health/substance abuse community related rehabilitation program. *Id.* at 15-16, 23-24.

As indicated above, Benson fully participated in a verbal and written colloquy and was represented by counsel throughout the plea proceedings. The court conducted a thorough colloquy and went out of its way to accommodate Benson with respect to his mental health issues. Benson admitted his guilt and acknowledged his understanding that he faced a sentence of up to fifteen years' imprisonment on each count. It was only

*after* the court had pronounced the sentenced that Benson stated he was confused.

Before withdrawal of guilty plea after sentencing is justified, some demonstration must be made that the plea was not voluntary or that the plea was entered without knowledge of the charge such that refusing to allow the petitioner to withdraw his plea would amount to a manifest injustice. **Commonwealth v. Shaffer**, 446 A.2d 591 (Pa. 1982). Benson has made no such showing. If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. **Starr**, **supra**. Further, this Court has held that "a person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea." **Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007), citing **Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999).

Here, there is no indication in the record before us that Benson's counseled written and oral pleas were involuntary. There is nothing in the record prior to sentencing that indicates Benson was confused about anything. It was only after pronouncement of sentence that Benson claimed confusion. Benson's post-sentence assertion that his guilty plea was unknowing, unintelligent or involuntary is refuted by the record and,

therefore, we discern no manifest injustice that would permit him to withdraw it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016