J-A26018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN RICHARD SMITH | : | |
| | : | |
| Appellant | : | No. 148 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 29, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000896-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 5, 2024**

Jonathan Richard Smith appeals from the judgment of sentence entered following his guilty plea to two counts of possession of a controlled substance. 35 P.S. § 780-113(a)(30). Smith challenges the denial of his petition to withdraw his guilty plea and the discretionary aspects of his sentence. We affirm.

In February 2022, Smith entered a written guilty plea to two counts of possession of a controlled substance. The written guilty plea stated he was pleading guilty to possessing a controlled substance on two separate occasions. In return, the Commonwealth agreed to *nolle pros* the remaining charges and that the "sentence [would] run concurrent with that imposed at" two other dockets. Written Guilty Plea, filed Feb. 18, 2022, at ¶ 5. The agreement stated that the maximum penalty the court could impose was six years in prison and a $50,000 fine. The agreement further stated that the trial

court was not bound by any sentencing agreement: "I understand that any agreement for sentencing is not binding on the Court and I have not been guaranteed a specific sentence in exchange for this plea. The Court retains the power to decide my sentence." *Id.* at ¶ 9.

At the sentencing, Smith's counsel agreed that it was an open, not a negotiated, plea agreement. N.T., 3/29/22, at 3. The pre-sentence investigation report ("PSI") mentioned that Smith was considering getting a medical marijuana card. The court asked whether Smith had any medical conditions, and Smith responded he did not. The court asked why he wanted a medical marijuana card, stating that the court thought Smith was "looking to do an end-run," and that he was "trying to game the system to continue in the lifestyle that [he has] lived that has gotten [him] 5[2 adult] arrests and 22 convictions." *Id.* at 5. Smith stated, "You're right, Your Honor. You're right." *Id.* At one point, counsel attempted to speak, but the court stated that it was asking the defendant and did not ask to speak with counsel.

Prior to imposing the sentence, the court stated it "note[d] the aggravating factor, which [it thought was] appropriate." *Id.* at 10. It also pointed out that "given [Smith's] history, the[] offenses [were] a pattern of behavior consistent with an inability or unwillingness to detach himself from criminal activity and to conform to the laws governing society, making him a threat to any community [in which] he resides." *Id.* At count 1, the court

sentenced Smith to 17 to 36 months' incarceration and at count 2, it sentenced him to a consecutive term of 17 to 36 months' incarceration.[1]

Smith filed post-sentence motions requesting the court reconsider his sentence and allow him to withdraw his guilty plea. The court denied the motion to reconsider the sentence and scheduled a hearing on the motion to withdraw the guilty plea. After a hearing, it denied the motion to withdraw the guilty plea. Smith filed a timely notice of appeal.

Smith raises the following issues:

> A. Whether the sentencing court erred and abused its discretion by sentencing Smith in the aggravated range where the only aggravating factor cited was that Smith would consider getting a medical marijuana card upon release from incarceration?
>
> B. Whether the sentencing court erred and abused its discretion by not offering Smith a chance to withdraw his negotiated plea prior to sentencing where the court not only did not accept the joint sentencing recommendation of a time-served sentence, but instead imposed an aggravated range sentence, running two of the sentences consecutively, thereby constituting a lengthy state sentence?
>
> C. Whether the sentencing court erred and abused its discretion by not allowing Smith to withdraw his plea of guilty after sentencing where the court not only did not accept the joint sentencing recommendation of a time-served sentence, but instead imposed an aggravated range sentence, running two of the sentences consecutively, thereby constituting a lengthy state sentence and Smith did not have the opportunity to confer about such sentence with counsel before it was given because his sentencing was via alternative technology rather than in person?

---

[1] That same day, the court sentenced him to a concurrent sentence at another docket, pursuant to the plea agreement.

Smith's Br. at 4-5.[2]

The trial court sentenced Smith at each count to 17 to 36 months, for an aggregate term of 34 to 72 months' incarceration. Smith claims that the sentencing guideline range for each count was 3 to 14 months. He argues the trial court did not comment regarding the range or indicate that it was aware of the range at the time of sentencing. He maintains that "[i]nstead, the [c]ourt continued to comment about Smith indicating that he might get a medical marijuana card upon his release from incarceration." *Id.* at 13. Smith maintains the court did not ask the reason for this statement or allow him "much room to comment outside of persistent and specific questions such that he could not explain himself." *Id.* Smith also claims that the court did not allow Smith's counsel to clarify Smith's comments.

Smith argues the situation would be difficult in any courtroom but "was absolutely untenable where, as here, the sentencing was being conducted via alternative technology." *Id.* He claims the use of alternative technology is not appropriate where the court veers from the parties' agreement "to the point where the sentence is unrecognizable from the perspective of the negotiated plea." *Id.* He claims "[t]hat a sentencing [court] might ignore a sentencing recommendation so completely that what was pled to be effectively a time served sentence[] turns into nearly the statutory maximum is so totally unexpected that a counsel cannot prepare for that possibility." *Id.* at 14.

_____

[2] The Commonwealth did not file an appellee brief.

Smith further argues that the court "note[d] the aggravating factor," but did not say what that factor was. *Id.* (citation omitted). He claims that his mention of his plan to get a medical marijuana card was not an appropriate aggravating factor. He argues that the court "barely g[ave Smith] a chance to respond" to the court's questions about the medical marijuana card and noted that, even if he applied for one, Smith would not receive a card without following the proper procedures. *Id.* at 15. He claims that his comment "related to seeking to legally possess[] marijuana." *Id.*

In this issue, Smith challenges the discretionary aspect of his sentence. There is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, we follow a four-part analysis before addressing a challenge to discretionary aspects of sentence. We must determine whether the appellant: (1) filed a timely notice of appeal; (2) properly preserved the sentencing issue at sentencing or in a motion to reconsider or modify sentence; (3) included in the appellate brief a concise statement of the reasons relied on for appeal; and (4) has asserted a substantial question that the sentence is not appropriate under the Sentencing Code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (citation omitted); 42 Pa.C.S.A. § 9781(b).

Here, Smith filed a timely appeal, preserved his claim in a timely post-sentence motion, and included a concise statement of reasons relied on for appeal in his appellate brief. Smith argues that the court failed to place on the record the factors to support the aggravated sentence and failed to

demonstrate it understood the applicable guideline range. Smith's Br. at 10. The claim the court failed to state its reasons for the aggravated range sentence states a substantial question. ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa.Super. 2008) (stating that "an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review.").

The Sentencing Code requires a court to impose a sentence consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Rush***, 162 A.3d 530, 544 (Pa.Super. 2017) (citation omitted). "An aggravated range sentence for [a defendant] will . . . be justified to the extent that the individual circumstances of [the defendant's] case are atypical of the crime for which [the defendant] was convicted, such that a more severe punishment is appropriate." ***Commonwealth v. Fullin***, 892 A.2d 843, 848 (Pa.Super. 2006). "Where the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations[.]" ***Commonwealth v. Snyder***, 289 A.3d 1121, 1126 (Pa.Super. 2023).

The court did not abuse its discretion. The court stated its reasons for deviating from the sentencing guidelines, that is, it relied on Smith's stated intent to seek a medical marijuana card, even though he suffered no health conditions, and that "given [Smith's] history, the[] offenses [were] a pattern of behavior consistent with an inability or unwillingness to detach himself from criminal activity and to conform to the laws governing society, making him a threat to any community [in which] he resides." N.T. at 10. Further, that the court did not state the applicable guideline range does not mean it did not consider it, particularly where, as here, there is a PSI. *See Snyder*, 289 A.3d at 1126. This claim lacks merit.[3]

Smith next contends the court erred and abused its discretion by not offering Smith a chance to withdraw his guilty plea prior to sentencing where the court did not accept the sentencing recommendation and imposed two consecutive aggravated range sentences. Smith argues that an obligation to notify a defendant of the right to withdraw the plea "falls in line with the ever-increasing series of cases, similar to *Padilla v. Kentucky*, 559 U.S. 356

---

[3] Smith does not include his challenge to the use of technology in his Rule 2119(f) statement. However, we do not find waiver on that basis, as the Commonwealth did not file a brief and therefore did not object to the failure to include this claim in the statement. *Cf. Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa.Super. 2016) ("[i[f the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review"). Even so, Smith does not explain how his challenge to the use of technology during the sentencing hearing raises a substantial question. This is particularly problematic as he does not claim to have objected to the use. We therefore do not find a substantial question. In any event, there is no indication the use of technology interfered with the sentencing proceedings or counsel's ability to confer with Smith.

(2010), where a defendant has to be aware of an increasing amount of information in order to make a knowing[,] voluntary[,] and intelligent guilty plea." Smith's Br. at 17. He claims that here, the trial court "accepted a plea agreed to be a time-served sentence and ran the sentence two months short of the statutory maximum, and then ran the two pleas consecutively such that instead of time served Smith received a sentence of 34 months." *Id.* at 18. He argues the court's statement that it did not have to follow the plea agreement "is clearly insufficient in light of the outcome of the sentence," considering what a defendant "would reasonabl[y] expect, and be prepared for by counsel, at the time of sentencing." *Id.*

"[W]hen a trial court has accepted a plea agreement entered into by the Commonwealth and a defendant, the prosecutor is duty bound to fulfill the promises made in exchange for the defendant's guilty plea." ***Commonwealth v. Martinez***, 147 A.3d 517, 532 (Pa. 2016). When determining whether a defendant is entitled to specific performance of a plea agreement term, a "court must determine whether an alleged term is part of the parties' plea agreement." *Id.* at 533. If the court finds the term is part of the agreement, "then the [defendant] is entitled to specific performance of the term." *Id.*

Here, a time-served sentence was not part of the plea agreement.[4] The written agreement included only that the sentence would run concurrent to a

_____

[4] Smith did not request the transcript of the plea hearing. Therefore, he has waived any claim that relies on the transcript. ***Commonwealth v. Preston***,
*(Footnote Continued Next Page)*

sentence at another docket, and the agreement was clear that the trial court was not bound by the recommendation and that the maximum possible sentence was six years. At the sentencing, the Commonwealth requested that the sentences run concurrent to a sentence already imposed, which was the agreement set forth in the guilty plea. It therefore upheld its bargain. Deviation from an alleged recommended sentence is not equivalent to mandatory deportation upon conviction, which was the basis of the counsel ineffectiveness claim at issue in *Padilla*, particularly where the defendant had been informed that the court retained the discretion to impose any sentence up to the statutory maximum.[5]

In his final claim, Smith maintains the trial court erred and abused its discretion by not allowing him to withdraw his plea after sentencing. He stresses that the court did not accept the joint sentencing recommendation and instead imposed consecutive, aggravated-range sentences. He adds that he did not have an opportunity to confer with counsel before sentence was

_____

904 A.2d 1, 7 (Pa.Super. 2006) (where appellant failed to request transcript, any claim that cannot be resolved without the transcript will be deemed waived for appellate purposes).

[5] The United States Supreme Court in *Padilla* held defense counsel's performance was deficient where counsel failed to inform the defendant that if he pleaded guilty, he would face possible deportation. The Court stated: "[W]e have long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel. The severity of deportation—'the equivalent of banishment or exile,'—only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." 559 U.S. at 373-74 (citations omitted).

imposed because the sentencing hearing was via alternative technology. He claims this is not a case of sentencing testing, as without a time-served offer, Smith would have waited for trial.

"[W]hether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa.Super. 2017). "When a defendant seeks to withdraw a plea after sentencing, he 'must demonstrate prejudice on the order of manifest injustice.'" *Id.* (quoting *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super. 2011)). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Id.* (quoting *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016)).

Here, the trial court concluded:

> Here, [Smith] argues that we did not "offer" him the opportunity to withdraw his guilty plea before imposing sentence. We know of no law that requires us to do so. Further, the length of a sentence is not a factor for consideration in determining a post-sentence motion to withdraw guilty plea. Moreover, [Smith's] written guilty plea specifies that there is no agreement as to sentence that is binding upon the court. [Smith's] claims that we should have "offered" him the opportunity to withdraw his guilty plea because the sentence we imposed is longer than he had desired is nothing more than an attempt to test the weight of potential punishment, and withdraw the plea as unexpectedly severe – the exact situation the Supreme Court ruled against in [*Commonwealth v. Starr*, 301 A.2d 592 (Pa. 1973)].

Rule 1925(a) Opinion, filed Feb. 15, 2023, at 8.

The court did not abuse its discretion. Smith has not established manifest injustice. The written plea agreement explained that the court was not bound by the sentencing recommendation and that the sentence imposed could be as high as six years. Smith agreed to the plea knowing those terms. Smith cites no case law, and we know of none, that requires a court to inform a defendant it will impose a sentence higher than requested and allow a defendant to confer with counsel. Further, although he challenges the use of alternative technology, he did not raise this challenge below, and there is nothing in the record to suggest the use of the technology impacted counsel's ability to confer with Smith.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2024