J-S50030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE DAVIS | |
| Appellant | No. 1237 EDA 2017 |

Appeal from the Judgment of Sentence February 27, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003675-2016

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY MOULTON, J.:               **FILED DECEMBER 15, 2017**

Jermaine Davis appeals from the February 27, 2017 judgment of sentence[1] entered in the Northampton County Court of Common Pleas.  We affirm.

The trial court set forth the history of this case as follows:

> 1. This matter was originally assigned to the Honorable F.P. Kimberly McFadden on January 13, 2017, following [Davis'] arraignment.

_____

[1] While Davis purports to appeal the trial court's March 7, 2017 order denying his post-sentence motion to withdraw guilty plea, the appeal properly lies from the judgment of sentence.  ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 158 n.1 (Pa.Super. 2007) ("An appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence.").

2. [Davis] was charged at term number 3675-2016 with possession with intent to deliver heroin and possession with intent to deliver cocaine.[2]  At term number 3320-2016, [Davis] was charged with delivery of heroin and criminal use of communication facility.[3]  Attorney Alexander Karam was appointed to represent [Davis].

3. On February 10, 2017, [Davis] appeared before the Court for a pre-trial conference, during which a negotiated plea was discussed.  [Davis] requested one week to consider the plea offer, and the matter was re-scheduled for another pre-trial conference on February 17, 2017.

4. At the February 17, 2017 conference, [Davis] requested a new public defender, which was denied.

5. [Davis] stated that he wished to proceed with trial, which was scheduled to begin on February 27, 2017.

6. On February 27, 2017, [Davis] again appeared before the Court, and the Court began the process of requesting a jury pool to begin [Davis'] trial.  However, [Davis] requested to re-open plea negotiations with the Commonwealth prior to the start of trial proceedings.

7. After approximately two hours of conferring with counsel and negotiating with the Assistant District Attorney [("ADA")], a plea agreement was reached wherein [Davis] would plead guilty to one count of possession of heroin with intent to deliver, less than one gram, and all remaining charges would be withdrawn.

8. [Davis] entered into the negotiated plea before the undersigned and was sentenced to 18 to 36 months, which was the agreed upon sentence, and which was a mitigated sentence in light of [Davis'] prior record score of five.[1]

> [1] The standard range for possession of heroin with intent to deliver, with a prior record score of five, would be 21 to 27 months.

---

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 7512(a), respectively.

9. On March 1, 2017, [Davis] wrote to the undersigned requesting to withdraw his guilty plea. Mr. Karam was directed to file a formal motion on [Davis'] behalf, which was filed on March 2, 2017. A hearing on the Motion to Withdraw Guilty Plea was held on March 6, 2017.

Trial Ct. Op., 3/7/17, at 1-2.

On March 7, 2017, the trial court denied Davis' post-sentence motion to withdraw his guilty plea. On March 21, 2017, Davis timely filed a notice of appeal.

Davis raises the following issue on appeal: "Whether the Trial Court erred and abused its discretion in denying [Davis'] Post-Sentence Motion to Withdraw Guilty Plea despite the fact [that Davis'] plea was not knowingly, intelligently, voluntarily, or understandingly entered due to his mental state and lack of sleep causing manifest injustice[.]" Davis' Br. at 3.

We review a trial court's decision to grant or deny a petitioner's motion to withdraw guilty plea for an abuse of discretion. *Commonwealth v. Hart*, ___ A.3d ____, 2017 PA Super 355, *4 (filed November 13, 2017).

This Court recently discussed the standard for a post-sentence withdrawal of a guilty plea:

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea "only where necessary to correct a manifest injustice." *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592, 595 (1973). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions to withdraw[4]] since courts strive to

_____

[4] When a petitioner seeks to withdraw his guilty plea prior to the imposition of a sentence "the court may, in its discretion, permit, . . .

- 3 -

discourage the entry of guilty pleas as sentencing-testing devices." ***Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011).

. . .

To be valid [under the "manifest injustice" standard], a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 565 Pa. 79, 771 A.2d 767, 771 (2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003). The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the

---

the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). We have further explained that "[i]f the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" ***Commonwealth v. Islas***, 156 A.3d 1185, 1188 (Pa.Super. 2017) (quoting ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973)).

defendant bears the burden of proving otherwise. ***Pollard***, *supra.*

***Commonwealth v. Kpou***, 153 A.3d 1020, 1023-24 (Pa.Super. 2016).

Davis claims that "his plea was not knowingly, intelligently, voluntarily or understandingly entered" because at the time he entered his guilty plea he was not "in the right state of mind due to his mental state and lack of sleep." Davis' Br. at 7. He contends that "he was under the impression he was going to trial." ***Id.*** Davis further claims that the record is devoid of evidence showing that Commonwealth would be prejudiced had his motion been granted.

The trial court found:

> 11. Here, the record is clear that [Davis] entered into a negotiated guilty plea and received the negotiated sentence. He stated that he signed the information for term number 3675-2016.[2] N.T. 2/27/17 at 2. [Davis] executed both the guilty plea statement and post-sentencing colloquy, with the assistance of counsel, and stated that he understood all of the questions therein. ***Id.*** at 2-3, 7. [Davis] stated that he understood what he was doing despite taking medication.[5]

---

[5] The following exchange occurred during the oral guilty plea colloquy:

THE COURT:  . . . Are you currently taking medications for any reason?

MR. DAVIS:  Yes.

THE COURT:  What is your medication?

MR. DAVIS:  Seroquel.

THE COURT:  Okay.  Just Seroquel?

*Id.* The Court reviewed [Davis'] rights with him, including his presumption of innocence, right to trial by jury, right to question or present witnesses, and the right to testify or not to testify at trial. [Davis] stated that he wanted to give those rights up and wanted to plead guilty.[6] *Id.* at 3-5. [Davis] further stated that he was satisfied with Mr. Karam's representation. *Id.* at 5.

> [2] Misidentified in the transcript as 3673-2016. All charges at term number 3320-2016 were

MR. DAVIS: Just Seroquel right now.

THE COURT: Does it in any way affect your ability to understand what we are doing here today?

MR. DAVIS: Um-um.

THE COURT: You understand?

MR. DAVIS: Yeah.

THE COURT: Okay. And I also have a post-sentencing colloquy, which I assume that Mr. Karam went over with you?

MR. DAVIS: Yes.

THE COURT: Did you understand it?

MR. DAVIS: Yeah.

N.T., 2/27/17, at 2-3.

[6] More specifically, in Davis' written guilty plea colloquy, he answered "Y" to the question: "Do you understand that by pleading guilty, you give up your right to a trial, either by a jury or before a Judge?" Guilty Plea Stmt. (Colloquy), 2/27/17, ¶ 24. Further, during the oral guilty plea colloquy, the trial court asked Davis: "Do you understand you have a right to have your case tried by a judge alone or by a jury . . . ? Davis responded, "Yes." The trial court then asked: You are giving all those rights up today. Is that what you want to do?" Davis responded, "Yeah." The trial court further asked "You're sure this is what you want to do?" Davis again responded, "Yeah." N.T., 2/27/17, at 4-5.

withdrawn in accordance with the terms of the negotiated plea.

12. A sufficient factual basis for the plea was also placed on the record by [ADA] Thompson, including that, based upon the number of packets of heroin in [Davis'] possession, the Commonwealth could present witnesses to testify that the amount was more than would be possessed for personal use. *Id.* at 6. [Davis] stated that he understood the factual basis for his plea. *Id.* at 5. [Davis] further stated that by entering the plea, he understood he would be waiving future claims. *Id.* at 8.

13. Based on the foregoing, it is clear that [Davis'] guilty plea was entered both knowingly and voluntarily, and there has been no showing of manifest injustice such as to permit [Davis] to withdraw his guilty plea[] following sentencing.

Trial Ct. Op., 3/7/17, 3-4. We agree.

Further, we note that whether the Commonwealth has been substantially prejudiced is a factor in the standard for pre-sentence motions to withdraw guilty plea, not post-sentence motions to withdraw. *Compare Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015) (stating that pre-sentence motions to withdraw guilty plea should be liberally allowed when petitioner provides fair and just reason and Commonwealth has not been substantially prejudiced); *Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa.Super. 2017) (same); *Islas*, 156 A.3d at 1188 (same); *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa.Super. 2013) (same), *with Hart,* 2017 PA Super 355 at *4 (stating that after imposition of sentence, trial court may grant motion to withdraw guilty plea only to correct a manifest injustice); *Kpou*, 153 A.3d at 1023-24 (same); *Commonwealth v. Broaden*, 980 A.2d 124,

129 (Pa.Super. 2009) (same); **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa.Super. 2002) (same).

Accordingly, we conclude that the trial court did not abuse its discretion in denying Davis' post-sentence motion to withdraw guilty plea. **See Kpou**, 153 A.3d at 1023-24.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/17